3-0-1-10-62 Harold Maltrip Jr. and Karen Maltrip families by Lawrence Corcala v. Keith A. Durand and all appellants by Thomas Hartzell Mr. Hartzell May it please the court, justices of the 3rd District Appellate Court of Illinois, Mr. Corcala As stated, my name is Tom Hartzell and I represent Keith A. Durand and Sharon L. Durand, the defendant appellants in this case There are three important facts in this case 1. The trial court took judicial notice of Hancock County Case No. 03-TX33, a Hancock County case for the issuance of tax deeds to certain parcels of real estate, including the parcel which is the subject matter of this case 2. There was no appeal by the plaintiff, Durand, or any other person from the order directing the Hancock County clerk to issue the tax deeds pursuant to those proceedings in Case 03-TX33 and neither the plaintiff, in this case, nor any other person filed a Section 214.01 petition against the case By statute, tax deeds are incontestable There are only two exceptions 1. By direct appeal from the order of the court directing the issuance of the tax deed and 2. By Section 2-1401 petition within two years In this case, neither was done by the plaintiff Statute also provides that tax deeds proceedings shall convey merciful title Therefore, since there was no attack on the tax deed proceedings in Case 03-TX33, the tax deed issued conveyed merciful title to Hancock County The defendants in this case derived their title directly from the Hancock County case and therefore also obtained merciful title The Hancock County Circuit Court in Case 03-TX33 insisted on strict compliance with the tax code statutes The court made specific findings concerning the allegations of proofs admitted into evidence before entering its order finding all allegations of the petition and application were true, correct, and sufficiently proven and therefore directing the tax deed to be issued to Hancock County as the trustee The plaintiff never appealed from this order nor filed a 2-1401 petition The plaintiff in this case did not need to be personally served with a notice Once the application was filed for the tax deed, the court obtained jurisdiction because it is an in-room proceeding The personal notice is not required of these plaintiffs herein. Therefore, there was no due process violated As I stated earlier, further, the Hancock County Court in the tax case made specific findings that all required notices had been given and any person entitled to those had received due notice The trial court in this case should have denied plaintiff's request to acquire a title Defendant's tax deed could only be challenged by direct appeal or section 2-1401 petition and plaintiff's did neither Defendant's title to and right to possession of Lot 7 is incontestable Plaintiff's court title action also failed for lack of meeting their burden of proof The plaintiff's alleged payment of taxes for 7 years and also possession in excess of 20 years Plaintiff's did not sustain the burden of proof on either claim They must meet their burden of proof by clear and unequivocal evidence as to each element of adverse possession Plaintiff's never proved defendant's real estate acquired by the tax deed was a part of plaintiff's legal description The survey introduced by plaintiffs is ambiguous at best and does not establish that plaintiff's Lot Y encompasses Lot 7 acquired by defendant through the tax deed proceedings Plaintiff's have no deed to Lot 7 acquired by defendant in the tax deed proceedings Plaintiff's never proved they paid the real estate taxes on Lot 7 In fact, plaintiff's never proved they paid the real estate taxes on all the tax bills they received Plaintiff's never produced receipts showing actual payment or cancel checks of some of the tax bills And some of the tax bills that they did introduce in evidence did not even have page stamped on them Once the trial court took judicial notice of Hancock County Case No. 03-TX-33 Restrictive evidence was intermissible to vary the judicial record Case No. 03-TX-33 involved Hancock County tax deed proceedings for several parcels of land including the parcel which is subject here of Lot 7 Once the order directing the county clerk to issue the tax deed was entered in the case Restrictive evidence could not be used to contradict the judicial records Hancock County went through the proper procedures for the issuance of the tax deed In Hancock County Circuit Court in the tax deed case of 03-TX-33 specifically found the statute had been complied with And the tax deed shall be issued by the clerk free and clear of all interests of all persons and parties interested in the various parcels Including Lot 7 which is the subject of this case Defendants gave good and valuable consideration for their deed from Hancock County who have received merciful title pursuant to the tax deed proceedings and the statute Plaintiffs never attacked the tax deed proceedings and they have not been invalidated or attacked by any person Pursuant to the statute the tax deed proceedings are incontestable and convey merciful title Defendants derive their title directly from Hancock County and therefore they are entitled to possession of Lot 7 and entitled to Lot 7 Defendants Durand asks the court to reverse the process, dismiss the plaintiffs, amend the complaint, find in favor of defendants and find that Durands are the owners entitled to possession of Lot 7 and Block 7 at Dickinson, 2nd Edition, Dallas City, Hancock County, Illinois Thank you Thank you Mr. Hartzell And Mr. Quokkala Yes Is that pronouncing that right? Yes Honorable Justices of the Court and Mr. Hartzell, thank you for being here, letting us hear this case, I appreciate your time and consideration Admittedly the plaintiff did not participate in the tax deed proceedings and that was because the plaintiff had no knowledge of those tax deed proceedings I believe we established to the satisfaction of the lower court that this property was actually the subject of two tax identification numbers And that it was taxed twice by the County of Hancock, one under Lot 7, Block 7 of the Donan's Edition, the other under plaintiff's deed which he received in 1993 There was direct evidence from the plaintiff that he paid all these tax bills, he produced the tax bills and he showed in fact that some of them were paid If he received a deed from Taylor Kohler? No, he did not receive a deed from Taylor Kohler Mr. Kohler got the property I think in 1910 or whatever it was here and that was the only record of that particular transaction Later that was part of a subdivision that was never developed by the City of Dallas City The roads were never opened, the lots were never plotted, but it was kept on the books as a subdivision Basically all during the history of the lot, this lot was part of a farm that was used by the plaintiff and by his predecessors in title And it was actually farmed for the last 50 or 60 years I might have misspoken in terms of Kohler, but the previous owner, did he or she, did they deed the property, a warranty deed to the plaintiff? Yes they did, but they did it under a different description than the one that is the subject of the tax deed Not the Lot 7 description, but the Lot Y or whatever Why was it necessary to prove in that case this adverse possession claims? We went both ways, because we had a clout on the title and so we went to prove it both ways That we necessarily possessed that property and the predecessors in title possessed it for over 20 years And in fact we had paid taxes for 17 of those last years before the court proceeding was presented So you were just covering your bases basically Yes, we have no knowledge of the tax deed proceedings, it's a different tax ID number And admittedly the law provides that the tax deed proceedings do convey merchantable title But it then leaves the owner of the property, in this case one who has paid taxes in good faith And would not have any knowledge of the tax deed, no remedy under Illinois law By maybe making the tax deed some kind of a super deed that's even stronger in title than a warranty deed Because of the way the statutes are enacted The Duran's however possessed a quitclaim deed Pardon? The Duran's possessed a quitclaim deed They had a, well yes they did, they did have a That they received from the county Yes Mr. Hartzell said, if I understood him correctly, that there is no survey that shows that this Lot 7 is part of your client's land, is that correct? The only surveys that are there show that the land was described as Lot Y And I think everyone admits and the court was convinced that this Lot Y was really part of this, part of the survey Was actually part of this, part of the addition, Dickinson's second addition to the city of Dallas City So Lot Y is the same thing as Lot 7? Lot Y is actually larger than Lot 7 Lot Y encompasses a lot of the surveyed, a lot of the Dickinson's second addition and other additions as well It's composed of approximately 15 or 16 acres Of these various subdivisions that were approved by the city, I think of Dallas City back in the early 1900s Is there a meets and bounds description? Yes, there is a meets and bounds description on the deed And it refers to Lot Y And in fact the descriptions on the tax bills that the assessor provided to my client, the claimant, do refer to Lot Y And it accepts out the part that the previous owners held so that they could construct a residence on the property But that's an entirely different description than the one that the tax deed was issued under An entirely different tax number We think that for years the property was not very valuable and there were no tax bills issued for this property And then when the legislature enacted a statute to allow counties to re-own scavenger property or scavenger sales and create a trustee That's when this lot had some value for the county And of course with the normal increase in value of properties, it assumed some value for tax purposes But for years, there was never any tax bill sent out with regard to this particular lot Until the tax deed proceedings But there was something sent out in the last 17 years? Yes, my client, and we have in the part of the record, you'll see that there are 17 years of tax bills For this particular lot under a different tax ID number And it describes it as Lot Y except a tract that's approximately 210 feet by I think 100 feet Which was the tract set aside by the previous owner of the property for construction of his house And is that included in Lot 7? No, it's not included in Lot 7 It's a part of Lot Y that is not Lot 7 That's correct And none of these, and Lot Y or Lot 7 is a very small lot And in fact there's a question, since the streets and alleyways were never opened here In fact the county has been taxing this land as farm ground for all this period of time Without any recognition of any streets or alleys with regard to that particular platted subdivision It was just one that was accepted many years ago and never developed by the city And if we were to let this particular decision stand here That the tax deed was, I think that he doesn't have any remedy He's going to lose this particular piece of property There's going to be a hole in his property He's farmed it for years He's put it in soybeans And I think there were pictures that were part of the record And I think the testimony indicates that he farmed it The predecessor entitled farmed it and everybody farmed it Isn't that how he found out about it? Because the defendant mowed his soybeans? Yes, the defendant came by and told him about it, yes Or they actually had a conversation Well, I think that he wanted to have it surveyed here, yes But then he actually came onto the ground And cut his soybeans off, I guess, once we permitted the survey of this particular tract of ground here But other than that, that was the reason that he knew about it But he didn't know anything about it prior to that particular time here That's all I would say, if there are any other questions I have a question Sure To me, I look at this and I look at the affirmative defenses that were filed Actually, the Durhams asked the court to do equity They didn't ask the court to dismiss the complaint because they had a superior title By virtue of a quote-unquote tax deed In the affirmative defenses, and then there's a counterpetition They were asking the court to do equity as well Am I not mistaken here? Well, yes, that's one of the requirements of a pleading, I think Under an adverse possession to do equity And, of course, we would be more than willing to recompense Mr. Durham for any of his losses, I think But then the issue of failing to set it aside with the 2-1401 petition Was raised for the very first time on a motion to reconsider I think, that wasn't actually addressed before trial That's correct, yes, and it was just raised here And, of course, even in the defendant's brief I think he indicates that we would have been unsuccessful I think, even if we would have raised it at that period of time We have to understand that the tax deed was issued in 2004 Mr. Durham's deed to the property did not come about until 2007 And so that's when we started the proceedings That would have been too late, I think, under the 1401 section Because the two years would have elapsed already Thank you I'm sorry, Mr. Hartzell Just a couple comments One of our main arguments to the court was We do not believe that the plaintiffs ever proved that Lot 7 was part of Lot Y If you look at the Plaintiff's Exhibit A, which is at the plaintiff's number 50 You will see that that's the survey that the plaintiffs relied upon And the survey is ambiguous at best In that which the lines of the survey do not even match There are no legal descriptions that go with the survey The defendant in his testimony, I think it was under his cross-examination Even referred to the Y, quote-unquote, that's on the survey as a 4 As I had thought it was also in looking at it Also, on the deed which the plaintiffs received Which is Exhibit C and is at Appendix 12 It just says that the plaintiffs received Lot Y The meets and bounds description of that deed was actually the exception to that So here again, we do not know, and it has not been established by the record That Lot 7 was even a part of Lot Y And as Mr. Qualley referred to, and which we referred to As the Lot 7 had its own tax identification number It's separate in part from the tax bill which Mr. Qualley had introduced into evidence at the trial court We would ask that the court reverse the trial court So you're not saying it wasn't You're simply saying there's some ambiguity about the legal description Well, what I'm saying is They never established that Lot Y actually encompasses Lot 7 By the trial court proceedings, or in the trial court proceedings Any other questions? Thank you, Mr. Tarso And thank you both for your argument today We will take this matter under advisement Get back to you with a written disposition within a short day And we will now adjourn